UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RADCLIFFE BANCROFT LEWIS )
)
    Plaintiff, )
)
v. ) Civil Case No. 16-02510 (RJL)
)
DISTRICT OF COLUMBIA COURTS, )
*et al.* )
)
    Defendants. )

**MEMORANDUM OPINION**
(August 2, 2019) [Dkt. # 1]

This matter is before me on Radcliffe Bancroft Lewis's ("plaintiff") complaint ("Compl."), ECF No. 1. Plaintiff's remaining claims are foreclosed by *res judicata*, predicated on my prior ruling in this case. Therefore, the complaint will be **DISMISSED**.

On December 23, 2016, plaintiff, proceeding *pro se*, filed a complaint[1] and an application to proceed in *forma pauperis* ("IFP"). Plaintiff initially sued five defendants, namely, Judge Judith E. Thompson of the District of Columbia Court of Appeals, Judge Phyllis D. Retchin of the Superior Court of the District of Columbia ("Superior Court"),

---

[1] On February 13, 2017, plaintiff filed a supplement ("Supp.") to the complaint, ECF No. 5. This supplement primarily discusses plaintiff's frustrations regarding alleged preferential treatment of attorneys by Congress and the Courts, as well as his distress that attorneys have greater access to legal materials than non-attorneys. Supp. at 1–3. He also attaches approximately 11 disparate documents regarding a D.C. Lottery ticket and varied information regarding his efforts to pursue claims relating thereto. *Id.* at 4–24. It is unclear what relevance, if any, the supplement and its attachments have to the complaint or claims therein.

1

the District of Columbia Courts, the Metropolitan Police Department ("Metro Police"), and Water S. Pankowski, a Metro Police officer. Compl. at caption. Plaintiff brought claims of (1) false arrest against Officer Pankowski and the Metro Police, *id.* at 3; (2) treason against Judge Retchin, *id.* at 3; and (3) conspiracy against the District of Columbia Courts, *id.* at 4. There were no facts or claims pled against Judge Thompson.

On December 23, 2016, I entered an order granting plaintiff's motion to proceed IFP. *See* Ord. (D.D.C. filed Dec. 23, 2016), ECF No. 4. In that same order, I dismissed with prejudice the claims against Judge Thompson, Judge Retchin, and the District of Columbia Courts. *Id.* at 1–2. The dismissal was based on frivolity and failure to state a claim pursuant to Fed. R. Civ. P. 8 and 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), and judicial immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). *Id.* at 1–2. Only the false arrest claims against Officer Pankowski and the Metro Police currently remain.

Plaintiff alleges that Officer Pankowski and the Metro Police falsely arrested him on or about August 20, 2014[2] for the first time ("first arrest"), Compl. at 2, and then falsely arrested him a second time on or about September 30, 2015 or October 1, 2015 ("second

---

[2] In the complaint, plaintiff states that his first arrest occurred "on or about August 20, 2018," which is a misnomer. Plaintiff could not have been arrested on August 20, 2018, as the complaint in this matter was filed on December 23, 2016. *See* Compl, ECF No. 1. Plaintiff has indicated in his previously filed litigation that he was allegedly first falsely arrested in "August 2014." *See Lewis v. District of Columbia Police Dep't*, No. 16-cv-02352 (RJL) (D.D.C. 2016), Original File at "Sup. Ct. Compl.," ECF No. 3, at 111 ¶ 2. The public record also reflects that plaintiff was first arrested in August 2014. *See United States v. Lewis*, 2014-CMD-014568 (D.C. Super. Ct. 2014) at Entry No. 1.

arrest"), *id.* at 2, 3, resulting in charges and unjust subsequent proceedings before the Superior Court, *id.* at 1, 2, 3. He seeks $467 million in damages. *Id.* at 4.

The public record sheds light on plaintiff's underlying criminal proceedings in Superior Court. The record indicates that plaintiff was arrested and charged in Superior Court with second degree theft on August 20, 2014 and was released under various conditions. *See United States v. Lewis*, 2014-CMD-014568 (D.C. Super. Ct. 2014) at Entry No. 1. After a series of various events, a mental observation hearing was scheduled for November 21, 2014. *Id.* at Entry 44. Plaintiff failed to appear for that hearing and a bench warrant was issued. *Id.* at Entry Nos. 55–8. That warrant was served on October 1, 2015, and a mental observation hearing was then held before Judge Retchin on October 7, 2015. *Id.* at Entry Nos. 60–6.

Upon close review of plaintiff's complaint, it is evident that his remaining claims are duplicative. This is the second time that plaintiff has filed false arrest claims against Officer Pankowski and the Metro Police. These exact claims were raised and addressed by me in *Lewis v. District of Columbia Police Dep't*, No. 16-cv-02352 (RJL) (D.D.C. 2016) ("prior matter"). The prior matter was initiated in the Superior Court for the District of Columbia and was removed to this Court by defendants on November 30, 2016. *See id.* at ECF No. 2. In the prior matter, plaintiff named Officer Pankowski and the Metro Police, among others, as defendants. *See id.*, Original File at "Sup. Ct. Compl.," ECF No. 3, at

110–18.³ Among other claims, plaintiff alleged false arrest, detailing the same first and second arrests at issue in this matter. Sup. Ct. Compl. at 111, 113–14. Plaintiff specifically alleged that [sic] "[o]n October 1, 2015, Lewis was again arrested by DISTRICT OF COLUMBIA POLICE DEPARTMENT BADGE WALTER PANKOWSKI, BADGE NUMBER 3132." *Id.* at 113. As part of the complaint in the prior matter, plaintiff discussed his proceedings before Judge Retchin and other members of Superior Court, including his forensic assessment for mental incompetence, and his prosecution prior to dismissal, all of which took place subsequent to his second arrest. *Id.* at 113–14. He requested $151 million in damages. *Id.* at 118.

In the prior matter, Officer Pankowski and the Metro Police filed a motion to dismiss. *See* Mot. to Dismiss, ECF No. 4. On February 6, 2016, I dismissed the claims against Officer Pankowski and the Metro Police. *See* Mem. Ord., ECF No. 13 (D.D.C. filed Feb. 6, 2016). In the Order, I indicated that plaintiff failed to file an opposition to the motion to dismiss, and therefore, the motion could be considered conceded. *Id.* at 1. However, based on concerns raised by our Circuit Court in *Cohen v. Bd. Of Trs. Of the Univ. of the District of Columbia*, 819 F.3d 476, 482 (D.C. Cir. 2016) regarding granting unopposed motions, I proceeded to address the merits. *Id.* at 1–3. I held that the Metro

---

³ The Court relies on the ECF generated page numbers for all references to the complaint ("Sup. Ct. Compl.") in *Lewis v. District of Columbia Police Dep't*, No. 16-cv-02352 (RJL).

Police is not a suable entity and dismissed the claims accordingly. *Id.* at 2. Further, I found that plaintiff failed to state a claim against Office Pankowski. *Id.* at 3.

Here, plaintiff implicitly attempts to distinguish the two matters by asserting that the prior matter only concerned false arrest claims against Pankowski relating to the first arrest. Compl. at 3. However, this assertion is incorrect. Plaintiff explicitly discusses the second arrest as part of his complaint in the prior matter. Sup. Ct. Compl. at 113–14. The prior complaint also details the same resulting proceedings before the Superior Court that are addressed in his current complaint. *Compare* Sup. Ct. Compl. at 113–17, *with* Compl. at 2–3.

Therefore, plaintiff's false arrest claims, and his grievances regarding the subsequent Superior Court proceedings, were already fully adjudicated. *See* Mem. Ord. at 2–3. He may not attempt to relitigate them anew. *See Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997) (internal quotation marks omitted). Assuming *arguendo* that plaintiff has raised new claims or issues regarding the second arrest, such claims or issues would necessarily arise out of the same nucleus of facts, namely, plaintiff's underlying Superior Court criminal matter. *Compare* Compl. at 1–2, *with* Sup. Ct. Compl. at 111–16; *see Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984). Any supplemental information regarding his two arrests could have been presented in the prior matter. *See Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (holding that a final judgment on the

merits of an action precludes the parties or their privies from relitigating claims that "were or could have been raised in that action.").

Plaintiff has sued the same defendants, raising identical claims and issues against them, and he seeks the same form of relief. *Compare* Compl. at 2–4, *with* Sup. Ct. Compl. at 111, 113–14, 118. "The doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). Therefore, the holdings in the memorandum order issued in *Lewis v. District of Columbia Police Dep't*, No. 16-cv-02352 (RJL) (D.D.C. 2016) are applicable here.

The Metro Police, of course, remains an agency *non suis juris*. *See, e.g., Nix El v. Williams*, 174 F. Supp. 3d 87, 93 (D.D.C. 2016); *see also Hickman v. Library of Congress*, 74 F. Supp. 3d 329, 331 (D.D.C. 2014). Plaintiff has also again failed to state a claim upon which relief may be granted against Officer Pankowski, as the facts currently asserted against him are the same, if not less detailed, than before. *Compare* Compl. at 2–4, *with* Sup. Ct. Compl. at 111, 113–14, 118. I have already addressed these identical facts, arguments, claims, and issues. *See* Mem. Ord. at 1–3; *see also Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) (finding that decision on a Rule 12(b)(6) motion "presents a ruling on the merits with *res judicata* effect").

## CONCLUSION

The prior adjudication of this Court bears preclusive effect and this case shall be **DISMISSED** for the same reasons stated in the prior memorandum order. A separate Order accompanies this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge